## GEORGE A. THOMPSON

*v.*

## ELLIOTT ANTHONY.

1.  NEW TRIAL—*verdict against the evidence.*  Where the evidence is contradictory, and there is not such a preponderance on either side as would justify the court in setting aside the verdict, whichever way found, the question being merely as to the credibility of the witnesses, a new trial will not be granted.

2.  SAME—*upon the ground of surprise.*  A new trial will not be awarded, upon the affidavit of a defendant, alleging that he was surprised by the testimony of the plaintiff, it appearing, that that portion of the testimony of plaintiff by which defendant alleges himself to have been surprised, was substantially contradicted by the deposition of the defendant, which was read on the trial, he having voluntarily absented himself from court.

3.  Where a defendant gives his deposition and voluntarily absents himself from the trial, he will not be granted a new trial, merely for the purpose of giving him an opportunity to appear on the stand and deny, orally, the statements of the plaintiff, which he had in his deposition already denied.

APPEAL from the Superior Court of Chicago.

This was an action of assumpsit, instituted in the Superior Court of Chicago, by the appellee, Elliott Anthony, against the appellant, George A. Thompson, to recover for alleged professional services rendered in procuring a right of way into the city of Chicago, for appellant's railroad.  Claim, $5,000. The cause was tried before the court and a jury, who gave a verdict for the plaintiff for the full amount claimed.  A motion for a new trial was made and overruled, and judgment rendered on the verdict.  Whereupon, the defendant below appeals to this court.

Mr. S. B. PERRY, for the appellant.

Mr. SIDNEY SMITH, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

We are asked to reverse the judgment in this case, first, because the verdict was against the evidence, and secondly, because the appellant, in his affidavit, alleges he was surprised by the testimony of the plaintiff. As to the first point it is necessary only to say, that the testimony was contradictory, and there was not such a preponderance on one side or the other as to justify the court in setting aside the verdict, whether found for plaintiff or defendant. It was merely a question of credibility of witnesses.

The affidavit, alleging surprise, is made with a view of meeting the testimony of appellee with that of appellant on another trial. The deposition of the appellant was taken and read on the former trial, the appellant having, previous to the trial, gone to New York, on what he terms, in his affidavit, " pressing and urgent business," without, however, disclosing what the nature of that business was. That portion of appellee's testimony by which appellant alleges himself to have been surprised, is the statement that appellee proposed to appellant, formally, the terms upon which he would act as his attorney, and that one of those terms was the payment of five thousand dollars in case appellee should procure from the city council a right of way into the city, for appellant's road, which proposition, appellant, through his agent, Smith, afterwards accepted. But the appellee, in his deposition, has the benefit of a substantial denial of this statement. He says: " I never retained or employed the plaintiff to do or perform for me any services of any kind, professionally or otherwise, other than those contemplated or stipulated for in the arrangement or agreement made by said Smith with the plaintiff," and Smith was sworn as a witness, and testified what he understood his arrangement to have been. The entire deposition of appellant is to the effect that whatever arrangement was made in regard to fees was made

with Smith, and this is a substantial contradiction of the testimony of appellee.   We are asked, then, to grant a new trial, merely that one of the parties may appear on the stand and deny, with more emphasis and particularity, the statements of the appellee, which he has already denied in substance, and this, after having voluntarily absented himself from court. Such an application has no merit.   He does not propose to offer any new evidence at another trial, but merely to have the benefit of his own statement, made orally, before the jury. He had this privilege before, but chose to take the chances of a verdict upon his deposition.   By that choice he must abide.   If a new trial were granted in this case, it might be insisted upon in any case where one party has been present and testified, while the other has been attending to his business elsewhere.   The absent party, if defeated by the testimony of his adversary, would almost always be able to allege surprise.   Trials before a jury generally arise from a difference of belief between the parties as to the true state of the facts, and it is folly in one party to expect that the testimony of the other will agree with that which he would himself give.   He should anticipate a disagreement, and if he desires the benefit of his own testimony should be present at the trial.   If he is voluntarily absent he can not expect the court to set aside the verdict merely that he may give his own version, or because that given by his adversary is different from what his own would be.   If the appellant has suffered in this case it has been by his own voluntary act.

*Judgment affirmed.*